1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B.,[1]<br>          Plaintiff<br><br>          v.<br><br>ANDREW M. SAUL, Commissioner<br>of Social Security,[2]<br>          Defendant. | Case No. 5:19-cv-2148-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Robert B. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 18 ("Pl. Br."), Dkt. 19 ("Def. Br.")].  The matter is now ready for decision.

---

[1]      In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2]      Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

On May 3, 2016, Plaintiff filed his applications for SSI and DIB alleging disability based on a variety of issues including knee pain, sleep apnea, hearing loss, and anxiety.  [Dkt. 15, Administrative Record ("AR").]  After Plaintiff's original application was denied, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Robert Freedman.  [AR 32-54.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  [AR 15-25.]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 15, 2014, the alleged onset date.  [AR 17.]  At step two, the ALJ found that Plaintiff suffered from severe impairments including: "osteoarthritis of the bilateral knees, meniscus tear of the right knee, and status post-arthroscopic surgery right knee, status post ORIF surgery of the left femur (1993), status post fracture of coccyx (remote in time), hearing loss, obesity, depression, and anxiety.  [AR 17.]  The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 18.]

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work.  [AR 20.]  Applying this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a pizza deliverer but determined that based on his age (43 years old) and high school education, he could perform representative occupations such as addresser, charge account clerk, or document preparer and, thus, is not disabled.  [AR 24.]

## III.    GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence;

and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted).  "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

In his sole claim of error, Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting his subjective testimony.  [Pl.'s Br. at 5-11.]  Specifically, Plaintiff argues that the ALJ offered only one reason for discounting his testimony: that the objective medical evidence is inconsistent with his allegations of the severity of his impairments, which Plaintiff argues *cannot* be the sole reason for rejecting his complaints.  [Pl. Br. at 8-10.]  As set forth below, the Court agrees with Plaintiff and remands for further proceedings.

### A.   Plaintiff's Testimony

At the administrative hearing, Plaintiff testified about the nature and limiting effects of his condition.  According to Plaintiff, he recently had surgery on his right

1   leg for a torn meniscus and he had surgery on his left leg in 1993. [AR 40.]  Plaintiff

2   suffers from sleep apnea and he uses a CPAP device at least three times a week.

3   [AR 40-41.]  He also suffers from hearing loss, but he does not wear a hearing aid.

4   [AR 41.]  In addition to his physical impairments, Plaintiff also experiences

5   depression and anxiety for which he receives counseling every other week.  [AR

6   40.]

7          When asked about his daily activities, Plaintiff testified that he lives in a

8   single-story house in a senior community with his parents.  [AR 44.]  With respect

9   to household chores, Plaintiff testified that he makes his bed, does light vacuuming

10  and goes grocery shopping with his mother.  [AR 44.]  He uses a computer to stay in

11  contact with family and put reminders on the calendar.  [AR 45.]  Plaintiff recently

12  had bariatric surgery which helped him lose 100 pounds.  [AR 38.]  Following his

13  surgery, Plaintiff attends the gym about twice a week.  [AR 38.]  His gym routine

14  includes "regular exercise" including push-ups, sit-ups, and lifting free weights up

15  to 10 pounds.  [AR 38-39.]

16         Finally, Plaintiff testified about his functional abilities.  He stated that he can

17  stand and walk for about five to twenty minutes before needing to rest.  [AR 46.].

18  He sometimes uses a cane depending on how much his knees hurt, which he

19  estimated was about once or twice a week.  [AR 46-47.]  He testified that he could

20  drive for about twenty minutes but would need to take a three to five-minute break

21  before resuming.  [AR 47.]

22         **B.    Legal Standard**

23         If a claimant produces objective medical evidence of an underlying

24  impairment that could reasonably be expected to produce the symptoms alleged and

25  there is no affirmative evidence of malingering, the ALJ must offer "clear and

26  convincing" reasons to reject the claimant's testimony.  *Smolen v. Chater*, 80 F.3d

27  1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th

28  Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is

4

1  malingering, the Commissioner's reasons for rejecting the claimant's testimony

2  must be clear and convincing."  (internal quotation omitted)).  Moreover, "[t]he ALJ

3  must state specifically which symptom testimony is not credible and what facts in

4  the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284; *Holohan v.*

5  *Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify

6  the testimony [the ALJ] finds not to be credible and must explain what evidence

7  undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir.

8  1991).  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*,

9  947 F.2d at 346, the following factors may be considered in assessing credibility: (1)

10  the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

11  testimony or between his testimony and conduct; (3) claimant's daily living

12  activities; (4) claimant's work record; and (5) testimony from physicians or third

13  parties concerning the nature, severity, and effect of claimant's condition.  *Thomas*

14  *v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

15        **C.**    **Analysis**

16       Here, in addressing Plaintiff's subjective complaints the ALJ found that "as

17  for the claimant's statements about the intensity, persistence, and limiting effects of

18  his or her symptoms, they are inconsistent because the medical evidence of record

19  does not support the limitations to standing, walking, and sitting to which he

20  testified.  The other limitations and activities to which he testified are consistent

21  with the medical evidence of record and accommodated by the above residual

22  functional capacity assessment."  [AR 22.]

23       Viewing the ALJ's decision liberally, the ALJ impliedly provided two reasons

24  for finding Plaintiff less credible: (1) Plaintiff's daily activities were inconsistent

25  with his alleged limitations and (2) there was a lack of objective medical evidence to

26  support his complaints.  [Def.'s Br. at 6-10]; [AR 21-22.]

27  ///

28  ///

5

1

### 1.   Daily Activities

2      Generally, inconsistency between symptom allegations and daily activities

3   may act as a clear and convincing reason to discount subjective symptom testimony.

4   *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell*, 947 F.2d at

5   346.  But the mere fact that "a plaintiff has carried on certain daily activities, such as

6   grocery shopping, driving a car, or limited walking for exercise, does not in any way

7   detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260

8   F.3d 1044, 1050 (9th Cir. 2001).  "The Social Security Act does not require that

9   claimants be utterly incapacitated to be eligible for benefits, and many home

10  activities are not easily transferable to what may be the more grueling environment

11  of the workplace, where it might be impossible to periodically rest or take

12  medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations

13  omitted); *see also Molina*, 674 F.3d at 1112-13 ("While a claimant need not

14  vegetate in a dark room . . . to be eligible for benefits, the ALJ may discredit a

15  claimant's testimony when the claimant reports participation in everyday activities

16  indicating capacities that are transferable to a work setting.") (internal citations and

17  quotations omitted).  "The critical differences between activities of daily living and

18  activities in a full-time job are that a person has more flexibility in scheduling the

19  former than the latter, can get help from other persons . . . , and is not held to a

20  minimum standard of performance, as []he would be by an employer." *Bjornson v.*

21  *Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (cited with approval in *Garrison v.*

22  *Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

23      Additionally, an ALJ may discredit testimony when a claimant reports

24  participation in everyday activities indicating capacities that are transferable to a

25  work setting.  *Molina*, 674 F.3d at 1113.  However, "[e]ven where those activities

26  suggest some difficulty functioning, they may be grounds for discrediting the

27  claimant's testimony to the extent that they contradict claims of a totally debilitating

28  impairment." *Id*. (*citing Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1225 (9th

1  Cir. 2010); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir.

2  2009)).  "Engaging in daily activities that are incompatible with the severity of

3  symptoms alleged can support an adverse credibility determination."  *Ghanim v.*

4  *Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014)).

5      Preliminarily, the Court notes that the ALJ did not specifically discount

6  Plaintiff's credibility based on Plaintiff's daily activities.  Instead the ALJ

7  summarized Plaintiff's testimony regarding his daily activities and found that those

8  activities were consistent with the RFC assessment.  [AR 22.]  The implied

9  rationale, as suggested by Defendant, is that the ALJ found Plaintiff's allegations of

10  total disability unreliable because his admitted activities were consistent with the

11  RFC.  Despite Defendant's post hoc explanation, without explicit elaboration from

12  the ALJ, this implication is too general to be considered adequately explained.  *See*

13  *Morinskey v. Astrue*, 458 Fed. Appx. 640, 641 (9th Cir. 2011) (finding an

14  inadequate discussion of an opinion where "the ALJ's rationale [was] implied"

15  regarding the claimant's daily activities).  Moreover, even if the Court were to try to

16  discern the ALJ's path to this finding, *see Brown-Hunter*, 806 F.3d at 492, it would

17  not reveal a sufficient reason to reject Plaintiff's credibility based on the activities of

18  daily living upon which the ALJ apparently relied for the reasons explained below.

19      In summarizing Plaintiff's daily activities, the ALJ noted that Plaintiff can

20  make his bed, do chores such as light vacuuming, make meals, go grocery shopping

21  with his mother, drive, and use a computer.  [AR 22.]  But this record does not show

22  that Plaintiff's daily activities, as he described them, are inconsistent with his

23  testimony about his impairments and limitations.  "[D]isability claimants should not

24  be penalized for attempting to lead normal lives in the face of their limitations."

25  *Reddick*, 157 F.3d at 722 (holding that "[o]nly if the level of activity were

26  inconsistent with [a claimant's] claimed limitations would these activities have any

27  bearing on [the claimant's] credibility") (citations omitted).  Plaintiff's activities

28  such as performing some household chores, shopping, driving, using computers and

7

1    exercising are not necessarily inconsistent with the symptoms and limitations

2    Plaintiff described in his testimony, such as being able to only sit for thirty minutes

3    and stand for a maximum of twenty minutes at a time before needing a break.  [AR

4    21-22.]; *see Garrison*, 759 F.3d at 1016 (warning that ALJs must be cautious in

5    concluding that daily activities are inconsistent with a claimant's testimony,

6    "because impairments that would unquestionably preclude work and all the

7    pressures of a workplace environment will often be consistent with doing more than

8    merely resting in bed all day").  Indeed, nothing in Plaintiff's descriptions of his

9    activities would permit an inference that Plaintiff could sit for extended periods of

10   time over his testimony that he could only sit for up to 30 minutes before needing to

11   stand and move around.  *See Bryant J. v. Saul*, No. CV 19-07063-PJW, 2020 WL

12   4819265, at *2 (C.D. Cal. Aug. 19, 2020) ("The fact that [claimant] is able to walk

13   his dog, swim once a week, and participate in Wounded Warrior and associated

14   events does not mean [claimant] is able to perform full-time work and [claimant]

15   should not be penalized for attempting to lead a normal life despite his PTSD

16   diagnosis.") (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

17       Nevertheless, the Court is not persuaded that the ALJ discredited Plaintiff's

18   credibility based on his daily activities.  As in *Brown-Hunter*, the ALJ here "simply

19   stated [his] [subjective symptom testimony] conclusion and then summarized the

20   medical evidence supporting [his] RFC determination."  *Brown-Hunter*, 806 F.3d at

21   494.  Although the ALJ also summarized Plaintiff's daily activities, he did not

22   identify the testimony he found not credible, and "link that testimony to the

23   particular parts of the record" supporting his determination to discount Plaintiff's

24   subjective symptom testimony.  *Id.*  In short,"[t]his is not the sort of explanation or

25   the kind of 'specific reasons' we must have in order to review the ALJ's decision

26   meaningfully, so that we may ensure that the claimant's testimony was not

27   arbitrarily discredited," nor can the error be found harmless. *Id.* (rejecting the

28   Commissioner's argument that because the ALJ set out his RFC and summarized the

1    evidence supporting his determination, the Court can infer that the ALJ rejected the

2    Plaintiff's testimony to the extent it conflicted with that medical evidence, because

3    the ALJ "never identified which testimony [he] found not credible, and never

4    explained which evidence contradicted that testimony.")

5          Accordingly, even assuming the ALJ impliedly determined that Plaintiff's

6    reported daily activities were somehow incompatible with his subjective symptom

7    allegations, this was not a specific, clear and convincing reason supported by

8    substantial evidence for discounting Plaintiff's subjective symptom testimony.

9          **2.    Inconsistency with the Objective Medical Evidence**

10         The only other reason provided by the ALJ to discount Plaintiff's credibility

11   was that the objective medical evidence was inconsistent with Plaintiff's testimony

12   regarding his limitations.  [AR 22-23.]  It is well-established that an "ALJ may not

13   discredit a claimant's subjective testimony on" the sole basis that "no objective

14   medical evidence" supports the claimant's testimony as to "the severity of the

15   subjective symptoms from which he suffers."  *Robbins v. Comm'r of Soc. Sec.*

16   *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Bunnell v. Sullivan*, 947 F.2d 341, 345

17   (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints

18   based solely on a lack of objective medical evidence to fully corroborate the alleged

19   severity of the [symptoms].").  Thus, a lack of corroborating objective evidence was

20   an insufficient reason, on its own, for the ALJ to find Plaintiff less than fully

21   credible.  Accordingly, for the reasons stated above, the Court finds that the ALJ

22   failed to provide specific, clear and convincing reasons for discounting Plaintiff's

23   subjective symptom testimony and remand is warranted.

24   ///

25   ///

26              **V.    CONCLUSION**

27         The decision of whether to remand for further proceedings or order an

28   immediate award of benefits is within the district court's discretion.  *Harman v.*

*Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*  A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors.  On remand, the Commissioner must re-evaluate Plaintiff's pain/subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony.  The Court therefore declines to exercise its discretion to remand for an immediate award of benefits.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

10

1       (2)  Judgment be entered in favor of Plaintiff.

2

3       **IT IS SO ORDERED.**

4

5    DATED: August 27, 2020                                      _____

6                                              GAIL J. STANDISH

7                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28